TOMPKINS *VS.* STROUD ET AL.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CARROLL, JUDGE DAVIS PRESIDING.

The sheriff is not bound to give any notice previous to seizure, under a writ of *fieri facias*. Notice given on the day of seizure is sufficient, and three days afterwards the sheriff may advertise the property for sale.

This is an injunction suit. The plaintiff alleges that the sheriff has seized and advertised his land and improvements for sale, under an execution which issued on a judgment of the defendant against him, for five hundred dollars. He alleges that said proceeding is clearly illegal, as he has not been notified of said judgment according to law, or of the seizure, wherefore, he prays that all the proceedings be enjoined.

The defendant pleaded a general denial, and prayed the injunction be dissolved with damages.

From the evidence, it appeared that the notice of seizure under the execution was without date; but the deputy sheriff stated, that the service of the notice and seizure were both made on the same day, to wit; the 20th May, 1839.

There was judgment sustaining the injunction, and the defendant appealed.

*M'Guire,* for the plaintiff, submitted the case.

*Selby,* for the defendant, contended that the plaintiff had failed to make out his case, and the injunction must therefore be dissolved with damages.

2. It appears that due notice was given by the sheriff, and the land advertised for sale according to law. *Code of Practice, article* 643 *to* 654, inclusive.

*Bullard J.,* delivered the opinion of the court.

The plaintiff and appellee obtained an injunction to stay proceedings on a writ of *fieri facias*, issued against him, on a

judgment and twelve months' bond, in favor of the appellant, on the ground, that the plaintiff never had ten days notice of seizure, nor two days notice, nor indeed any legal and sufficient notice thereof.

The answer denies that the petition sets forth any cause of action, and the defendant prays for the dissolution of the injunction, with damages against the plaintiff and his surety in the bond. The injunction was however maintained, and the defendant appealed.

The statement of facts shows, that on the 20th of May, the writ was executed, by levying on a tract of land and improvements, and on the same day, a written notice of the seizure was given to the plaintiff, and the petition sets forth that on the 24th it was advertised for sale.

It is clear that the sheriff is not bound to give any notice previously to seizure under a writ of *fieri facias*. The Code is explicit on this point. It directs the sheriff as soon as he has received the writ, to execute it without any delay, by seizing the property of the debtor ; *Code of Practice*, 643. But the petition is obscure ; it leaves it doubtful whether the plaintiff meant to complain of a want of previous notice, or of the notice required by *article* 654 of the *Code of Practice*, subsequent to the seizure. If the latter was intended, the evidence shows that such notice of the seizure was given on the same day. It is true the notice is without date, but it is shown to have been served on the same day upon which the levy was made. This we think was sufficient, and the court erred in maintaining the injunction.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed, that the injunction be dissolved, and that the defendant recover of the plaintiff F. Y. Tompkins, as damages, twenty per cent. on the amount of the judgment of Stroud against him, with costs in both courts; reserving to the appellent his right of action upon the injunction bond against the surety.

The sheriff is not bound to give any notice previous to seizure, under a writ of *fieri facias*. Notice given on the day of seizure is sufficient, and three days afterwards, the. sheriff may advertise the property for sale.